Alexander J. Taylor, Esq.
**SULAIMAN LAW GROUP, LTD.**
2500 S. Highland Ave
Suite 200
Lombard, IL 60148
(630) 575-8181
(630) 575-8188 (fax)
ataylor@sulaimanlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOMINICK LEON, individually, and behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOAN DEPOT LLC<br><br>Defendant. | Case No. 2:25-cv-01787<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## Class Action Complaint

**NOW COMES** DOMINICK LEON ("Plaintiff), individually, and behalf of all others similarly situated, by and through his undersigned counsel, complaining of LOAN DEPOT LLC ("Defendant") as follows:

## Nature of the Action

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing Telephone Consumer Protection Act of 1991*, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court has observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5. The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §1367.

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(1) as Defendant resides in this federal district.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Indian Trail, North Carolina.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) because he is an individual.

9. Defendant is a prominent mortgage lender that employs over 5,400

lending professionals across the country.

10. Defendant maintains its principal place of business in Irvine, CA.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39) because it is a limited liability company.

## **FACTUAL BACKGROUND**

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6636.

13. At all times relevant, Plaintiff's number ending in 6636 was assigned to a cellular telephone service.

14. At all times relevant, Plaintiff's number ending in 6636 was not associated with a business and was utilized for personal and residential purposes. Plaintiff utilizes his cellular telephone number for residential purposes as his cellular telephone number is the primary means of reaching Plaintiff at his residence. Accordingly, Plaintiff is a "residential telephone subscriber."1

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. At no point in time did Plaintiff contract with Defendant or otherwise solicit any of Defendant's mortgage products.

17. At no point in time did Plaintiff provide Defendant with his cellular

[1] The FCC has expressly rejected interpreting "residential subscribers" narrowly to exclude cellular telephone numbers categorically. *Implementing the Tel. Consumer Prot. Act of 1991,* 18 F.C.C. Rcd. 14014, 14038.

telephone number ending in 6636.

18. At no point in time did Plaintiff provide Defendant with consent to place calls to his cellular telephone number ending in 6636.

19. At all times relevant, Plaintiff's cellular telephone number ending in 6636 was registered on the National Do-Not-Call Registry. Plaintiff personally registered his cellular telephone number on the National-Do-Not-Call Registry.

20. In December 2024, Defendant began placing voluminous solicitation calls to Plaintiff's cellular phone number.

21. From December 2024 through the present, Plaintiff answered multiple calls from Defendant.

22. During the answered calls, Plaintiff informed Defendant's representative that he is not interested in a mortgage loan and requested that Defendant cease its solicitation calls.

23. Despite Plaintiff's requests that Defendant cease its calls, Defendant continued pounding Plaintiff's cellular phone number with solicitation calls.

24. From December 2024 through the present, Defendant has placed no less than twenty (20) solicitation calls to Plaintiff's cellular phone number, including calls from the phone number (866) 673-0608.

## DAMAGES

25. Defendant's unlawful telemarketing practices have caused Plaintiff damages, including: invading Plaintiff's privacy, nuisance, wasting Plaintiff's time,

the increased risk of personal injury resulting from the distraction caused by the solicitation calls, decreased productivity, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

26. Moreover, each time Defendant placed a solicitation call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

27. Frustrated and concerned with the escalation of Defendant's invasive telemarketing practices, Plaintiff retained counsel to file this action to compel Defendant to cease its unlawful practices.

## CLASS ALLEGATIONS

28. All previous Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Classes") defined as follows:

### DO-NOT-CALL REGISTRY CLASS

All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, placed, or caused to be placed, a phone call; (2) directed to a residential or cellular telephone number; (3) that is registered on the National Do-Not-Call Registry; (4) in which the purpose of the call was to market Defendant's mortgage loans; (5) within the four years preceding the date of the original

complaint through the date of class certification.

30. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

**A. Numerosity**

31. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

32. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

33. The members of the Putative Class are ascertainable because the Classes are defined by reference to objective criteria.

34. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third-party vendors.

**B. Commonality and Predominance**

35. There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Class.

36. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C. Typicality**

37. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's unlawful telemarketing practices.

**D. Superiority and Manageability**

38. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

39. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

40. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

41. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

**E. Adequate Representation**

42. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

43. Plaintiff has no interests antagonistic to those of the members of the Putative Class and Defendant has no defenses unique to Plaintiff.

44. Plaintiff has retained competent and experienced counsel in consumer class.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act
### (on behalf of Plaintiff and Members of the Do-Not-Call Registry Class)

45. All previous Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

46. Pursuant to 47 C.F.R. §64.1200(c)(2) (a regulation promulgated under 47 U.S.C. §227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained  by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-no-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

47. Defendant violated 47 C.F.R. §64.1200(c)(2) by placing or causing to

be placed no less than twenty (20) solicitation calls to Plaintiff's cellular telephone number while it was registered on the National Do Not Call Registry.

48. As pled above, Plaintiff never consented to receiving solicitation calls from Defendant.

49. Defendant knew or should have known that Plaintiff's phone number was on the Do-Not-Call Registry as the registry is publicly available and easily accessible.

50. Instead of scrubbing Plaintiff's phone number through the Do-Not-Call Registry prior to making its solicitation calls, Defendant recklessly placed calls to Plaintiff's cellular phone number without first scrubbing Plaintiff's phone number through the Do-Not-Call Registry.

51. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are registered on the National Do-Not-Call Registry.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Do-Not-Call Registry Class, requests the following relief:

A. an order granting certification of the Do-Not-Call Registry Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C. judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D. judgment in favor of the Do-Not-Call Registry Class for Defendant's violations of the TCPA;

E. an award of $500.00 in damages to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call;

F. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call; and

G. any further relief this Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: February 28, 2025

Respectfully submitted,

**DOMINICK LEON**

By:*<u>/s/ Alexander J. Taylor</u>*
Alexander J. Taylor, Esq.
Atlas Consumer Law
2500 S. Highland Avenue,
Suite 200
Lombard, Illinois 60148
Telephone: 331-3077646
Email: ataylor@sulaimanlaw.com