TROUTMAN AMIN, LLP
Eric J. Troutman (State Bar # 229263)
Puja Amin (State Bar #299547)
Brittany A. Andres (State Bar # 340856)
400 Spectrum Center Drive, Suite 1550
Irvine, California 92618
Telephone: +1 949 350 3663
Facsimile: +1 949 203 8689
troutman@troutmanamin.com
amin@troutmanamin.com
brittany@troutmanamin.com

Attorneys for Defendant
loanDepot.com, LLC

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

DOMINICK LEON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

LOANDEPOT.COM, LLC,

Defendant.

Case No. 2:25-CV-01787

**DEFENDANT LOANDEPOT.COM, LLC'S ANSWER TO PLAINTIFF DOMINICK LEON'S FIRST AMENDED COMPLAINT**

Defendant loanDepot.com, LLC ("Defendant"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to the First Amended Complaint ("FAC") filed by Dominick Leon ("Plaintiff").

Defendant denies each and every allegation in the Complaint unless expressly admitted or otherwise qualified, as follows:

## NATURE OF THE ACTION

1. Defendant denies Paragraph 1 to the extent that it alleges that Defendant

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

has violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. Paragraph 2 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant states that the TCPA is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 2.

3. Paragraph 3 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant states that *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020) is a Supreme Court decision that speaks for itself, and otherwise denies the allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4. Paragraph 4 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant states that 28 U.S.C. § 1331 is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 4.

5. Paragraph 5 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant states that 28 U.S.C. § 1391(b)(1) is a federal statute that speaks for itself, and admits that its principal address is in Irvine, California. Defendant otherwise denies the allegations in Paragraph 5.

///

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

## PARTIES

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 regarding Plaintiff's age and residence, and therefore denies the same.

7. Paragraph 7 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant states that 47 U.S.C. § 153(39) is a federal statute that speaks for itself, and otherwise denies the allegations in Paragraph 7.

8. Defendant admits that it is a national mortgage lender with employees across the country.

9. Defendant admits that its principal place of business is in Irvine, California.

10. Paragraph 10 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant states that 47 U.S.C. § 153(39) is a federal statute that speaks for itself, and admits that it is a limited liability company.

## FACTUAL BACKGROUND

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 regarding Plaintiff's purported cellular telephone number and therefore denies the same.

12. Defendant is without sufficient knowledge or information to form a

belief as to the truth of the allegations contained in Paragraph 12 regarding Plaintiff's purported cellular telephone number and therefore denies the same.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 regarding Plaintiff's purported use of his cellular telephone number and therefore denies the same. Defendant explicitly denies Paragraph 13 to the extent that it alleges that the user of a cellular telephone number is a "residential telephone subscriber."

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 regarding Plaintiff's purported cellular telephone equipment and services and therefore denies the same.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 regarding Plaintiff's purported registration of his cellular telephone number on the National Do-Not-Call Registry and therefore denies the same.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

## DAMAGES

26. Defendant denies that Plaintiff was damaged in any manner. Defendant denies any further factual allegations of Paragraph 26.

27. Defendant denies that Plaintiff was damaged in any manner. Defendant denies any further factual allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

## CLASS ALLEGATIONS

29. Defendant incorporates by reference its responses and denials to Paragraphs 1 through 28 as if fully restated herein.

30. Defendant admits that Plaintiff purports to represent the class as defined in Paragraph 30 of the Complaint. Defendant otherwise denies the allegations of Paragraph 30, and specifically denies that this action is properly certified as a class action and that Plaintiff is an adequate class representative.

31. Defendant denies the allegations of Paragraph 31.

32. Paragraph 32 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 32.

33. Paragraph 33 alleges legal conclusions to which no response is required.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 33. Defendant specifically denies that class discovery is appropriate at this time.

34. Paragraph 34 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 34.

35. Paragraph 35 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 35.

36. Paragraph 36 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 36. Defendant specifically denies that there are questions of law and fact common to the claims of Plaintiff and the putative class members.

37. Paragraph 37 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 37.

38. Paragraph 38 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 38.

39. Paragraph 39 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

Paragraph 39. Defendant specifically denies that this case is appropriate for class certification.

40. Defendant denies the allegations of Paragraph 40. Defendant specifically denies that Plaintiff and any of the individual putative class members have suffered damages as a result of Defendant's actions.

41. Defendant denies the allegations of Paragraph 41.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43. Defendant specifically denies that Plaintiff is an adequate class representative.

44. Defendant denies the allegations of Paragraph 44. Defendant specifically denies that it has no defenses unique to Plaintiff.

45. Defendant denies the allegations of Paragraph 45.

**CLAIMS FOR RELIEF**

**COUNT I:**

**Violations of the Telephone Consumer Protection Act**

**(on behalf of Plaintiff and Members of the Do-Not-Call Registry Class)**

46. Defendant incorporates by reference its responses and denials to Paragraphs 1 through 45 as if fully restated herein.

47. Paragraph 47 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant states 47 C.F.R. § 64.1200(c)(2), a regulation promulgated under 47 U.S.C. §227(c), is a federal statute

that speaks for itself, and otherwise denies the allegations in Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

49. Defendant denies the allegations of Paragraph 49.

50. Defendant denies the allegations of Paragraph 50.

51. Defendant denies the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

**DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein, or which may hereafter be pleaded. Defendant reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. Defendant asserts the following specific defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's FAC fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The allegations of the FAC, and the purported cause of action alleged in the FAC, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet the applicable pleading requirements.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff lacks Article III standing to bring this action and to represent any purported class members because he did not suffer an injury-in-fact as a result of

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

Defendant's alleged conduct.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff and any purported class members.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' claims fail or are otherwise barred, in whole or in part, because the conduct—to the extent it occurred—was made with the consent of Plaintiff or someone acting on Plaintiff's behalf and the purported class members.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert arbitration.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant acted in good faith in any and all interactions with Plaintiff and any putative class members and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff or any putative class members, or any duty, if any, owed to Plaintiff or any putative class members.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' claims against Defendant are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of Plaintiff/the putative class members and/or third parties and/or by

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

events outside the control of any of the parties and/or a superseding intervening cause and not by Defendant.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class's claims are barred under the doctrines of laches and/or unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

By reason of Plaintiff's inaction with respect to and/or ratification of the conduct he alleges was made by Defendant, Plaintiff is estopped from recovery herein and Plaintiff and the putative class members' claims against Defendant are barred by the doctrines of waiver and/or estoppel (including res judicata, collateral estoppel, and judicial estoppel).

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Plaintiff's requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' claims are barred, in whole or in part, as a result of Plaintiff's failure to mitigate alleged damages, if any, and any recovery should be reduced in proportion to Plaintiff's said failure to mitigate damages.

///

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot prevail on his claims against Defendant because it did not act with negligence, willful intent to injure, or in conscious disregard of the rights of Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff and putative class members are not entitled to any award of punitive damages to the extent that such an award is barred by the Constitution of the United States. Defendant further alleges that any award of punitive damages would violate the prohibitions against excessive fines found in the Eighth Amendment of the Constitution of the United States as applied to the states by way of the due process clause of the Fourteenth Amendment to the Constitution of the United States. Further, any award of punitive damages would violate the guarantee of due process found in the Fourteenth Amendment of the Constitution of the United States because of the lack of objective guidelines on which such an award may be based and further such guidelines, to the extent that they exist, are arbitrary and void for vagueness.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks constitutional and prudential standing to assert any claims against Defendant and to represent any purported class, and his Complaint, therefore, must be dismissed.

///

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' claims are barred to the extent that prior consent was given for the conduct at issue and/or for Defendant to take any acts alleged in the Complaint, including but not limited to Plaintiff or someone acting on Plaintiff's behalf and the purported class members having voluntarily provided consent.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members are not entitled to recover because any violations, if such exist, were not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail because the conduct alleged in the FAC was not authorized or initiated by Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff's and putative class members' claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Defendant acted in good faith and complied fully with all legal obligations, including with respect to the TCPA.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Any damages allegedly suffered by Plaintiff were not caused by Defendant, but by intervening causes.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, are not compensable.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent that the claim or relief sought is moot.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' claims are barred to the extent that Defendant's conduct was in accordance with the written instructions of Plaintiff or any putative class member to whom it relates.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant did not willfully or knowingly call Plaintiff's or the putative class members' telephone numbers while they were registered on the national do-not-call

registry. To the extent that there was any violation of the TCPA, which Defendant denies, Defendant shall be liable for no more than a $500.00 penalty per violation, as Defendant denies that it willfully and knowingly violated the TCPA.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' claims are barred to the extent that their purported telephone numbers were used or held out as business numbers.

**TWENTY-EIGHT AFFIRMATIVE DEFENSE**

The claims of putative class members are barred to the extent that they did not personally register their phone numbers on the National Do-Not-Call Registry.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' claims are barred to the extent that Defendant had their prior express invitation or permission to make telephone solicitation calls or text messages to their phone numbers.

**THIRTIETH AFFIRMATIVE DEFENSE**

The claims of putative class members who did not receive more than one telephone solicitation call or text message within a 12-month period are barred.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Defendant reserves the right to amend and/or supplement its affirmative and/or special defenses, as additional defenses may become known through discovery.

///

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

Dated: July 28, 2025

TROUTMAN AMIN, LLP

By: */s/ Brittany A. Andres*
Eric J. Troutman
Puja Amin
Brittany A. Andres

*Attorneys for Defendant loanDepot.com, LLC*

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, a copy of the foregoing was served by ECF to counsel of record.

*/s/ Brittany A. Andres*
Brittany A. Andres